UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALVETO RIVERA, | Civil No. 13-2643 (MJD/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHELLE SMITH, Warden, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2008, a criminal complaint was filed against Petitioner in the state district court for Hennepin County, Minnesota. He was charged with two counts of first degree criminal sexual conduct for abusing his girlfriend's minor children. In 2009, Petitioner pled guilty to one of the charges, and the other charge was dismissed. He later tried to withdraw his guilty plea, but that request was denied, and he was sentenced to 270 months in prison. Petitioner is presently serving his sentence at the Minnesota Correctional Facility in

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that he should have been allowed to withdraw his guilty plea. That claim was rejected by the Minnesota Court of Appeals, and Petitioner's conviction and sentence were affirmed. State v. Rivera, No. A09-1023, (Minn.App. 2010), 2010 WL 1657400 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on June 29, 2010. Id.

Petitioner then filed a habeas corpus petition here in the U.S. District Court for the District of Minnesota, and the matter was referred to this Court for a Report and Recommendation, ("R&R"). The Court found that some of Petitioner's habeas corpus claims had been procedurally defaulted, and all of his remaining claims were without merit. It was therefore recommended that Petitioner's federal habeas corpus petition be dismissed with prejudice. Rivera v. King, Civil No. 10-3954 (RHK/FLN), (R&R dated August 12, 2011, [Docket No. 13]), [hereafter "Rivera I"]. Petitioner filed objections to the R&R, but those objections were overruled, and the recommendation to dismiss the case with prejudice was adopted by the presiding District Court Judge. Rivera I was dismissed on September 23, 2011. Id., [Docket No. 18].[2] The District Court Judge declined to grant Petitioner a Certificate of Appealability, (id.), the Eighth Circuit Court of Appeals also declined to grant a Certificate of Appealability, (id., [Docket No. 24]), and the United States Supreme Court denied Petitioner's subsequent petition for a writ of certiorari, (id., [Docket No. 28]).

After Rivera I became final, Petitioner filed a post-conviction motion in the state trial

---

[2] The R&R in Rivera I is reported at 2011 WL 4458729, and the order adopting the R&R is reported at 2011 WL 4436149.

2

court. Petitioner's post-conviction motion was denied, because it was found to be untimely. Petitioner appealed that ruling, but the Minnesota Court of Appeals agreed that Petitioner's post-conviction motion was untimely, and further found that the claims presented in the motion were procedurally defaulted under Minnesota's state procedural rules. Rivera v. State, No. A12-2081 (Minn.App. 2013), 2013 WL 1943191 (unpublished opinion). Petitioner's subsequent petition for further review was denied by the Minnesota Supreme Court on July 16, 2013. Id.

Petitioner filed his current habeas corpus petition on September 26, 2013. The petition lists five grounds for relief, which Petitioner has summarized as follows:

> **Ground One**: "POST CONVICTION JUDGE COMMITTED JUDICIAL MISCONDUCT WHERE SHE RULE ON THE PETITIONER POST CONVICTION RELIEF PETITION WHERE SHE WAS DISQUALIFICATION TO RULE ON THE PETITRIONER [SIC] POST CONVICTION RELIEF."
>
> **Ground Two**: "THE DISTRICT COURT ABUSE ITS DISCRETION WHERE A DISQUALIFY JUDGE COMMITTED JUDICIAL MISCONDUCT WHERE SHE DID NOT ALLOW THE POST CONVICTION RELIEF IN AS NEWLY DISCOVERY EVIDENCE WHERE THE PETITIONER IS ENTITLED TO FILE A POST CONVICTION RELIEF UNDER NEWLY DISCOVERY EVIDENCE BECAUSE HE IS ENTITLED TO BY LAW IN THE STATE OF MINNESOTA."
>
> **Ground Three**: "THE DISTRICT COURT AND PROSECUTOR HAS ERROR IN BREACHED THE TERMS OF A PLEA BARGAIN AGREEMENT PREVIOUSLY ENTERED INTO WITH A CRIMINAL PETITIONER."
>
> **Ground Four**: "THE STATE COMMITTED PROSECUTORIAL MISCONDUCT WHERE HIS FAILURE TO DISCLOSE EVIDENCE THAT IS FAVORABLE TO THE DEFENSE OR PETITIONER IN VIOLATION OF BRADY."
>
> **Ground Five**: "PETITIONER SHOULD RECEIVE A NEW TRIAL WHERE THE TOTALITY OF THE UNPROFESSIONAL ERRORS AND DEFICIENT PERFORMANCE DEFENSE SO AS TO DEPRIVE PETITIONER OF HIS SIXTH AMENDMEN [SIC] RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO A FAIR TRIAL."

(Petition, [Docket No. 1], pp. 4-11.)

The Court finds that none of Petitioner's current habeas corpus claims can be addressed on the merits, because he has filed a "second or successive petition" that must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3] That rule prohibits federal district courts from entertaining a

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. **[Continued....]**
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive

second or successive application for habeas corpus relief filed by a state prisoner, unless he has first obtained authorization from the appropriate circuit court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (state prisoner must receive pre-authorization from the court of appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2009 conviction and sentence in the state district court for Hennepin County. Because Petitioner's previous federal habeas petition was dismissed with prejudice in Rivera I, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b), which means that it cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir.

---

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered"). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit Court of Appeals, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

Petitioner may believe that his current petition is not a "second or successive petition" for purposes of § 2244(b), because his current grounds for relief were not adjudicated in Rivera I. That notion, however, must be rejected.

It is true that a state prisoner is not always barred from seeking federal habeas review of his confinement simply because he already filed a federal habeas petition once before. See Panetti v. Quarterman, 551 U.S. 930, 944 (2007)("[t]he Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time"). The United States Supreme Court has held that if a first § 2254

6

petition is dismissed <u>without prejudice</u> because the petitioner failed to exhaust his state court remedies, a later post-exhaustion petition is not considered to be "second or successive" for purposes of § 2244(b). Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). In Slack v. McDaniel, 529 U.S. 473, 487 (2000), the Court confirmed that a second petition, which is filed after a first petition was dismissed without prejudice due to non-exhaustion, "is to be treated as 'any other first petition' and is not a second or successive petition."

The Supreme Court's rulings in Stewart and Slack would be controlling here, <u>if</u> Rivera I had been dismissed without prejudice, based on Petitioner's failure to exhaust some <u>still available</u> state court remedies for the claims listed in his petition. However, Rivera I was <u>not</u> dismissed without prejudice so that Petitioner could return to the state courts and attempt to exhaust still available state court remedies. Instead, the Court recommended that the case be dismissed <u>with prejudice</u>, because all of the claims presented in the petition were either procedurally defaulted or without merit, and that recommendation was adopted. Therefore, the present case <u>is</u> a "second or successive petition" for purposes of § 2244(b).[4]

---

[4] As explained by the Ninth Circuit Court of Appeals:

"A prior petition that has been dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits... [citing Slack v. McDaniel, supra]. In contrast, the dismissal of a first petition with prejudice because of a procedural default (and a failure to show cause and prejudice) forecloses the possibility that the underlying claims will be addressed by a federal court. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.2005). Such a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). Id."

7

The Court also recognizes that Petitioner has alluded to "new evidence" in his current petition. However, even if some of Petitioner's current claims for relief are based on evidence that was not available when he filed his petition in Rivera I, those claims still cannot be heard without a pre-authorization order from the Eighth Circuit Court of Appeals. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the court of appeals). See also Crawford, 698 F.3d at 1088-89 ("the court of appeals may authorize a second or successive petition if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense'") (quoting 28 U.S.C. § 2244(b)(2)(B)).

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's 2009 state court conviction and sentence, unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Because Petitioner has not filed a pre-authorization order with his current petition, this action must be summarily dismissed for lack of jurisdiction.

---

McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). See also Carter v. United States, 150 F.3d 202, 205-06 (2nd Cir. 1998) ("we hold that a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition... 'second or successive' for purposes of the AEDPA"); Graham v. Costello, 299 F.3d 129, 133 (2nd Cir. 2002) ("when a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is 'on the merits,'rendering a subsequently filed petition 'second or successive'") (citing Carter, supra).

To obtain a pre-authorization order that will allow Petitioner to file a new federal habeas corpus petition in the District Court, he will have to persuade the Eighth Circuit that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 3, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his current claim in a new action, <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).[5] Petitioner should carefully note, however, that this District Court will not entertain any future federal habeas corpus petition challenging his 2009 state court conviction and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).

Having determined that this case must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application for leave

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

to proceed in forma pauperis, (Docket No. 3), and his pending motion for appointment of counsel, (Docket No. 4), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide that Petitioner's current habeas corpus claims should be adjudicated on the merits in the present action. The Court finds nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

3. Petitioner's motion for appointment of counsel, (Docket No. 4), be **DENIED**;

4. This action be summarily **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: October 4, 2013

                                            *s/Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 21, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.