UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alveto Rivera,<br><br>Petitioner,<br><br>v.<br><br>Michelle Smith, Warden,<br><br>Respondent. | Case No. 13-cv-2643 (SRN/FLN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Alveto Rivera, Bayport, Minnesota 55003, *pro se* Petitioner.

Jean E. Burdorf, Hennepin County Attorney's Office, 300 South Sixth Street, Suite A-2000, Minneapolis, Minnesota 55487; Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

I.     INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner Alveto Rivera's Objections [Doc. No. 11] to United States Magistrate Judge Franklin L. Noel's October 4, 2013, Report and Recommendation ("R&R") [Doc. No. 9]. The Magistrate Judge recommended that: (1) Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1] be denied; (2) Petitioner's application for leave to proceed *in forma pauperis* [Doc. No. 3] be denied; (3) Petitioner's motion for appointment of counsel [Doc. No. 4] be denied; (4)

1

this action be summarily dismissed without prejudice for lack of jurisdiction; and (5) Petitioner should not be granted a Certificate of Appealability. Also before the Court is Petitioner's motion to disqualify Magistrate Judge Noel in this case [Doc. No. 8]. For the reasons set forth below, Petitioner's objections are overruled and the Court adopts the R&R. Petitioner's motion to disqualify Magistrate Judge Noel is denied as well.

## II. BACKGROUND

The Magistrate Judge's R&R thoroughly documents the factual and procedural background of Petitioner's case, and the Court incorporates it here by reference. Briefly stated, Petitioner is a Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility in Stillwater. After Petitioner was convicted and sentenced, he filed a direct appeal, claiming that he should have been allowed to withdraw his guilty plea. The Minnesota Court of Appeals rejected Petitioner's claim and affirmed his conviction and sentence. State v. Rivera, No. A09-1023, 2010 WL 1657400, at *5 (Minn. Ct. App. Apr. 27, 2010). The Minnesota Supreme Court then denied Petitioner's request for further review.

On September 16, 2010, Petitioner filed a habeas corpus petition in the United States District Court for the District of Minnesota. (Pet. for Writ of Habeas Corpus in Case No. 10-cv-3954 (RHK/FLN) [Doc. No. 1].) The Magistrate Judge recommended that the habeas corpus petition be dismissed with prejudice. Rivera v. King ("Rivera I"), No. 10-3954, 2011 WL 4458729, at *1 (D. Minn. Aug. 12, 2011). The Court adopted the R&R and dismissed Rivera I with prejudice. Rivera v. King, No. 10-3954, 2011 WL 4436149, at *1 (D. Minn. Sept. 23, 2011).

Petitioner then filed a post-conviction motion in the state trial court, which was denied for untimeliness. After Petitioner appealed that ruling, the Minnesota Court of Appeals found that the post-conviction motion was untimely and the claims presented were procedurally defaulted. Rivera v. State of Minnesota, No. A12-2081, 2013 WL 1943191, at *2 (Minn. Ct. App. 2013). On July 16, 2013, the Minnesota Supreme Court denied Petitioner's subsequent petition for further review. Id.

On September 26, 2013, Petitioner filed his current habeas corpus petition. (Pet. for Writ of Habeas Corpus [Doc. No. 1].) On October 7, 2013, the Magistrate Judge found that none of Petitioner's current habeas corpus claims can be addressed on the merits, because Petitioner filed a "second or successive petition" that must be summarily dismissed for lack of jurisdiction. (Report and Recommendation at 4 [Doc. No. 9].) Also on October 7, 2013, Petitioner moved to disqualify the Magistrate Judge in this case. (Mot. to Disqualify Magistrate Judge [Doc. No. 8].) On October 18, 2013, Petitioner objected to the Magistrate Judge's R&R. (Objections [Doc. No. 11].)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3);

D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

### B. Objections

#### 1. Second or Successive Petition

Petitioner disagrees with the Magistrate Judge's conclusion that Petitioner filed a second or successive petition for writ of habeas corpus, because Petitioner's "grounds for relief were not adjudicated." (Objections at 3-5 [Doc. No. 12].) In his Objections, Petitioner appears to argue the merits of his petition, including his concerns about (1) entering "an illegal guilty plea," (2) newly discovered evidence, (3) judicial bias, prejudice, and harassment, and (4) ineffective assistance of counsel. (Id. at 3-14; see Pet. for Writ of Habeas Corpus at 2 [Doc. No. 1].)

Federal district courts cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless he has obtained authorization from the appropriate circuit court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A); see Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999).

The Magistrate Judge properly concluded that the Petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2009 conviction and sentence in the Hennepin County District Court. (Oct. 7, 2013, Report and Recommendation at 5 [Doc. No. 9].) As the Magistrate Judge correctly reasoned, Petitioner's previous federal habeas petition was dismissed with prejudice in Rivera I, meaning that the instant petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. (Id. at 5.) Petitioner has not secured a pre-authorization

order from the Eighth Circuit.  Therefore, the Court must dismiss his petition for lack of jurisdiction.  (Id. at 6.)

In addition, the Magistrate Judge correctly recognized that "a state prisoner is not always barred from seeking federal habeas review of his confinement simply because he already filed a federal habeas petition once before."  (Id.)  For example, if a first petition is dismissed without prejudice because the petitioner did not exhaust his state court remedies, a subsequent petition is not considered to be "second or successive" under § 2244(b).  See Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998); Slack v. McDaniel, 529 U.S. 473, 487 (2000).  Here, however, Rivera I was dismissed *with prejudice*, because the Court found that the claims in the petition were procedurally defaulted or without merit.  Thus, the Supreme Court's rulings in Stewart and Slack do not apply, and the present petition is a "second or successive" one under § 2244(b).

The Court agrees with the Magistrate Judge's recommendation to dismiss this case without prejudice, so that Petitioner has the opportunity to seek a pre-authorization order from the Eighth Circuit Court of Appeals.  The Court, however, makes clear that Petitioner may not resubmit his current claim in a new action unless he obtains a pre-authorization order from the Eighth Circuit.  Accordingly, the Court dismisses this case without prejudice.

**2.  Motion to Disqualify the Magistrate Judge**

The Report and Recommendation issued on the same day that Petitioner moved to disqualify the Magistrate Judge.  Petitioner claims that he has been before Magistrate Judge Noel in each of his cases before this Court, and that he will not get a fair ruling

5

before this Magistrate Judge. (Mot. to Disqualify Magistrate Judge at 2-3 [Doc. No. 8].) Petitioner makes similar arguments about the Magistrate Judge's alleged bias, prejudice, and harassment in his objections. (Objections at 7 [Doc. No. 11].) The Court has reviewed the record and found no evidence to justify disqualifying the Magistrate Judge. The Court therefore denies Petitioner's motion to disqualify the Magistrate Judge.

**IV.    ORDER**

The Court **OVERRULES** Petitioner's Objections [Doc. No. 8] and **ADOPTS** the Magistrate Judge's October 4, 2013, Report and Recommendation [Doc. No. 9]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED**;

2. Petitioner's application for leave to proceed *in forma pauperis* [Doc. No. 3] is **DENIED**;

3. Petitioner's motion for appointment of counsel [Doc. No. 4] is **DENIED**;

4. This action is summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

5. Petitioner is **DENIED** a Certificate of Appealability; and

6. Petitioner's Motion to Disqualify the Magistrate Judge [Doc. No. 8] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:     October 30, 2013             s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Court Judge