# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

Alveto Rivera,

        Petitioner-Appellant,

v.

Michelle Smith, Warden,

        Respondent-Appellee.

Civil No. 13-2643 (SRN/FLN)

**MEMORANDUM AND ORDER**

      Petitioner, a Minnesota state prison inmate, has filed a Notice of Appeal in this case, (Docket No. 16), seeking appellate review of the judgment that denied his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Order and Judgment dated October 30, 2013, [Docket Nos. 14 and 15.) Petitioner has also filed an application for leave to proceed in forma pauperis, ("IFP"), on appeal, (Docket No. 17), and an application for a Certificate of Appealability, ("COA"), (Docket No. 18), which are now before the Court. For the reasons discussed below, Petitioner's IFP application will be granted, and his COA application will be denied.

    A. IFP Application

      A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be raised on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good

faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application and accompanying affidavit, (Docket No. 19), show that he is currently employed at a prison job. However, he reportedly earns only a nominal wage, and he has no other regular source of income. The IFP application and affidavit also show that Petitioner has no meaningful assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in Petitioner's IFP application and affidavit, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

B. Certificate Of Appealability

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

In this case, the Court has already determined that Petitioner is not entitled to a COA. (See Order dated October 30, 2013, [Docket No. 14], at p. 6.) Petitioner's current application for a COA does not present any persuasive new reasons to revisit the COA issue, and the Court remains satisfied that Petitioner's case does not meet the standard for issuance of a COA.

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court explained how the federal

2

district courts should determine COA eligibility in habeas cases, such as this one, that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's eligibility for a COA can be fully resolved by applying only the second of the criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed because it is a second or successive petition that cannot be adjudicated on the merits without a pre-authorization order from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). Petitioner has not obtained the requisite pre-authorization order from the Court of Appeals, so this action had to be summarily dismissed for lack of jurisdiction, just as the Magistrate Judge explained in his Report and Recommendation. (Docket No. 9.) Petitioner's 32-page COA application discusses only the substantive grounds for relief presented in his habeas corpus petition. Petitioner has failed to refute (or even challenge) the Court's determination that this action is procedurally barred, and must therefore be summarily

3

dismissed for lack of jurisdiction, without reaching the merits of the claims presented in the petition.

This Court finds no reason to think that any other court – including the Eighth Circuit Court of Appeals – could conclude that this action was not procedurally barred by the statutory restrictions that apply to second or successive habeas petitions. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might warrant appellate review. Thus, the Court concludes – once again – that Petitioner should <u>not</u> be granted a COA in this case.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal, (Docket No. 17), is **GRANTED**; and

2. Petitioner's motion for a Certificate of Appealability, (Docket No. 18), is **DENIED**.

Dated: November <u>18</u>, 2013

                                         s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Court Judge